By the Court. Bosworth, J.
The complaint states, and the answer does not deny, and therefore admits, that the defendants were partners, and as such, were “ carrying on the express and forwarding business between the cities of New York and Philadelphia.” They were common carriers.
When they took goods in the ordinary course of their business, to be carried from one of those cities to the other, in the absence of any special contract, the implication of law would be, that the defendants were to be paid the usual and customary compensation.
If the defendants received the goods and undertook to carry them, although they were paid nothing, nor promised any thing for doing it, they, would be bound to use, at the least, as much care and skill as they stipulated for in the written contract.
The fact that they were delivered to the defendants at Canal street, instead of Broadway, is a variance which the court is required by section 169 of the Code to disregard.
The objection that the legal effect of the contract proved, varied from that described in the complaint, does not apppear to have been taken at the trial. Neither was the objection taken that the complaint did not allege any fraud or gross negligence of the defendants. It is too late to take such objections now. (Barnes v. Perine, 2 Kernan, 24,25.)
*46 The objection taken was, that no negligence had been proved. Proof of a delivery and acceptance of the goods to be carried, and of a demand of the goods and non-compliance with it, without any explanation or apology, was sufficient proof of fraud or gross negligence, until some evidence of care or fidelity had been given by the defendants.
As the case presents the facts, the defendants received the goods and undertook to carry them. They stipulated that they should not be charged for any loss or damage unless caused by fraud or gross negligence, and that the plaintiff should be required to prove fraud or such negligence in order to be entitled to recover. The defendants, if made liable, agreed to pay whatever might be shown to be the value of the property; such value, at all events, to be deemed less than $150. The plaintiff has demanded the goods at the place at which the defendants have agreed to deliver them; and they have not complied with the demand, nor assigned any reason or excuse for their failure to do so.
If the contract had been set out according to its legal effect, as evidenced by the paper signed by Griffin, no other proof of fraud, or gross negligence, could well have been given, than such as was furnished in this case.
When the defendants admit, or it is proved, that they took the goods, and agreed to carry and deliver them at a place named, and they admit that they did not carry and deliver them there—• and the only question is, whether their default results from fraud or misconduct, if it appears that the plaintiff called at the proper place and demanded his goods, and the defendants refused to deliver them, without explaining or apologizing for their conduct, the plaintiff would seem to have given all the evidence of fraud or negligence that should be required in the first instance.
Frankness and good faith require that carriers, under such circumstances, should give some explanation of their conduct. It is known to themselves, and cannot be presumed to be known to the plaintiff. It is easy for them to state the cause of the loss or injury, and thus enable a plaintiff to examine into the truth of their statements.
, But when they refuse to deliver the goods, and fail to suggest any ground for such refusal, or to give any explanation of their conduct, I think a plaintiff has proved enough, unexplained, to *47 make a prima facie case of fraud or gross negligence. (Beardslee v. Richardson, 11 Wendell, 25; Angeli & Ames on Carriers, § 38, n. 4, ed. of 1851.)
The defendants did not object that they were not required by the pleadings to come prepared to try the question whether their conduct had been fraudulent or grossly negligent; but the objection was, that no evidence of such conduct had been given.
The main question was, whether the defendants had undertaken to carry and deliver the goods, and had broken their contract.
They did agree to carry and deliver; but the evidence disclosed that this agreement was subject to the further agreement, that the plaintiff should have no claim on them for loss or damage, unless he proved that such loss or damage was caused by their fraud or gross negligence.
The plaintiff gave all the proof that this condition required. If the defendants had objected that the complaint contained no averment of fraud or gross negligence, the court might have ordered an amendment at the trial.
All that the complaint alleged was proved. The most that can be said is, that the agreement produced required the plaintiff to prove more, in order to recover, than he had averred. To this it may be answered, that such proof was given. The defendant did not object that the plaintiff could not give the proof because he had not alleged the fact, but that he had failed to give the necessary proof. If he was mistaken as to the effect of the evidence, as we think he was, the objection made is untenable. There are no variances between the pleadings and proofs, which should not, under the circumstances, be disregarded. (Code, §§ 169 and 170. 2 Kernan, 24-25.)
There is another consideration which is fatal to the defence. The complaint does not allege, nor was there any evidence tending to show, that the package was actually lost. The complaint states that the defendants received the package, and undertook to carry it and to deliver it at Philadelphia. That a delivery has been demanded there, and at the office of the defendants in New York, and that they have wholly neglected and refused, and still refuse to deliver it.
To make the qualifying clause of the contract available to the defendants, after the plaintiff had proved the case stated in the *48 complaint, it was incumbent on the defendants to give evidence, tending to show that it was lost, or that they were not able to deliver it, in consequence of its destruction, or of its being placed beyond their control by some casualty arising “from the dangers of railroad, steam, or river navigation, leakage, fire, or some other cause.”
Then it would be the duty of the plaintiff to show that the cause of the loss, destruction, or other disability of the defendants to deliver, occurred from the “fraud or gross negligence of the defendants, their agents, or servants.”
But it cannot be pretended that the plaintiff cannot recover, for a refusal to deliver the article, if the defendants have the power to deliver it. Feither the complaint, nor the answer, alleges a loss of the package, nor any inability of the defendants to deliver it.
It was not suggested on the trial that it had been actually lost.
The concluding part of the contract is inoperative, except in case of an actual loss of the package. When the proof shows a loss of it, that answers the plaintiff’s claim, until he gives proof that the" loss resulted from fraud or gross negligence.
As'the case is presented to us, it is simply a case of a refusal to comply with" a demand, made in due form, at the proper place, to deliver the package. The refusal is not accompanied by any explanation. Fo suggestion was made that it was lost. The case, therefore, as far as the rights and liabilities of the parties to this action are concerned, is the same, as if this qualifying clause was out of the contract. There is nothing in the facts of the case on which it can operate. (Hearn v. The London and South- Western Railway Co., 29 Eng. L. and Eq. R. 494.)
There must be a judgment for the plaintiff; but, as the value of the property was not disclosed, the verdict must be reduced to $149.99.
Judgment accordingly for plaintiff, with costs.