# THE UNITED STATES EXPRESS COMPANY *v.* RUSH and Others.

24 403
164 363

COMMON CARRIERS.—A delivered to the *United States Express Company* a package of money, to be transported to a point not on the route of that company. The package was transported by the company to the point on its line nearest to the place of destination, and there delivered, as was customary, to the proprietors of a line of stages, known as "*Winslow's*

*Express,*" to be carried to its destination. The receipt given by the *United States Express Company* stipulated that the company undertook to forward the package to the point nearest to its destination reached by that company, and that the company should be held liable as forwarders only. The package was lost while in the custody of *Winslow's Express.* Suit by the consignees against the *United States Express Company* to recover the value of the package.

*Held,* that an express company may become liable as a common carrier, though it has not complied with the requirements of section 2 of the "Act declaring express companies to be common carriers." (1 G. & H. 327.)

*Held,* also, that the *United States Express Company* was only bound to transport the package safely to the point on its line nearest to the place of destination, and there deliver it to the proper carrier, to be forwarded to its destination, and having done this, that company was not responsible for its subsequent loss.

APPEAL from the *Delaware* Circuit Court.

RAY, J.—This action was brought by the appellees to charge the appellant, as a common carrier, for the loss of a package of money, for which the following receipt had been given:

> "*United States Express Company,*
> *Chesterfield, Ind., Sept.* 19, 1864.

"Received of *Pittsford & Makepeace,* one package, said to contain money, valued at fourteen hundred and forty-three dollars and 40-100, marked *Reese, Rush & Co., Fairmont, Ind.,* which we undertake to forward to the nearest point of destination reached by this company, perils of navigation excepted. * * * And it is expressly agreed that the *United States Express Company* are not to be held liable for any loss or damage, except as forwarders only.

> For the proprietors,

[Signed,]      ———————

The appellant is alleged to have been engaged in transporting packages, money, bank bills, goods and merchandise, to and from points along the line of the *Bellefontaine Railroad,* for hire. The nearest point on the line of

said railroad, having communication by any express with *Fairmont*, is *Anderson*. The package, it is averred, was never delivered to the appellees.

The answer alleged that the package was marked, "per express, *Reese, Rush & Co., Fairmont, Ind.*," and that the appellant delivered the same, at *Anderson*, to "*The Winslows*," who were driving coaches from *Anderson* to *Marion*, upon which route *Fairmont* is situated, to be by them delivered to said appellees. The line was styled "*Winslow's Express*," and conveyed packages of money and other articles, delivering them along the line of travel for hire. That the appellees had previously received a package over the same line, from the same parties, and were in the habit of sending packages by "*Winslow's Express*" to the office of appellant at *Anderson*. Said express carried and delivered all express packages which reached the appellant's office at *Anderson*, for points upon and beyond the line of said "*Winslow's Express*" route.

The reply alleges that the "*Winslow Express*" was a carrier for hire, "and that it was accustomed to receive from said express company, at said town of *Anderson*, packages, goods, money and bank bills, and to deliver the same at the several points on said line, one of which was the said town of *Fairmont*; that the "*Winslow Express*" had no other connection with the appellant. A demurrer was filed to the reply, and upon the court overruling the demurrer, the appellant suffered judgment to go on the pleadings.

It is evident, from the pleadings, that the parties to this suit desire to present fairly for our consideration, the question whether an express company, under its liability as a common carrier, having received a package for transportation which is addressed to a point beyond the line of the company receiving the same, is authorized, by custom of which the consignor has knowledge, to deliver the same to another express company, having the same liability as a common carrier, and reaching along its

route, the point named as the destination of the package.

It is insisted, however, by the appellees, in argument, that the *Winslows*, though engaged in the transportation of money and merchandise for hire, were still not an express company, although they so styled themselves, because they had not complied with the requirements of the second section of the "Act declaring express companies common carriers, and providing for the safety of articles intrusted to their care." The act, however, simply defines who are common carriers, and if the argument be correct, then no one can become a common carrier until he complies with the requirements of the law; the penalty declared against all who act as common carriers without such compliance can never by any possibility be incurred. We will not, by a construction so unreasonable in itself, render the provisions of the statute of none effect. The reply would remove all doubt, if any existed after the averments in the answer, that the *Winslows* were, by law, common carriers. *Russell* v. *Livingston*, 19 Barb. 346; *Sherman* v. *Wells*, 28 Barb 403; *Newstadt* v. *Adams*, 5 Duer 43.

We might, perhaps, rest the decision of this case upon the indorsement upon the package, "per express, *Reese, Rush & Co., Fairmont, Ind.*," and hold the same to be a direction to forward by the connecting line of express to its destination.

Without resting the case upon this construction, however, we will proceed to determine the duty of the carrier in the disposal of the package, and his responsibility for the safe delivery of the same. It must now be regarded as clearly settled upon authority, as well as principle, in this country, that express companies are subjected to all the responsibilities of common carriers of goods. The authorities are numerous. We cite the following. *The Mercantile, &c., Ins. Co.* v. *Chase*, 1 E. D. Smith 115; *Sherman* v. *Wells*, 28 Barb. 403; *Baldwin* v. *American Express Company*, 23 Ill. 197; 26 *id.* 504; *Lowell Wire Fence Company* v. *Sargent*, 8 Allen 189.

The rule to be deduced from the American decisions fixing the duty of the common carrier of goods, is well stated by STROUD, J., in the case of *Jenneson* v. *The Camden & Amboy R. R. Co.*, reported in 4 American Law Reg. 234. After a review of the English and American cases, he announces the law thus : " When goods are delivered to a carrier, marked for a particular place, but unaccompanied by any other directions for their transportation and delivery except such as might be inferred from the marks themselves, the carrier is only bound to transport and deliver them according to the established usage of the business in which he is engaged, whether that usage was known to the party from whom they were received, or not."

In the case of *Nutting* v. *Connecticut River Railroad Company*, 1 Gray 502, METCALF, J., in pronouncing the judgment of the court, uses this language in regard to the duty of common carriers : " What, then, is the obligation imposed upon them by law, in the absence of any special contract by them, when they receive goods at their depot in *Northampton*, which are marked with the names of the consignees in the city of *New York?* In our judgment, that obligation is nothing more than to transport the goods safely to the end of their road, and there deliver them to the proper carriers, to be forwarded toward their ultimate destination."

The law as thus ruled has been recognized in a number of well considered cases by the courts of other states, and we regard it as the established rule in this country.   Redfield on Railways, § 136, p. 288, note, and cases cited; also, *Hempstead* v. *New York Central Railroad Co.*, 28 Barb. 485.

The case of *Russell et al.* v. *Livingston & Wells*, 16 New York Rep. 515, cited by appellees, is not in conflict with this rule, and does not attempt to overrule former decisions of that court, declaring the law as we have stated it.   In the case cited, the court held that where the package was addressed to the care of the agent of the common carrier at a point where the article would leave the carrier's route,

that such address imposed upon the carrier the duty of retaining the package in the care of his agent at that point, and that any attempt to forward over another line was a violation of the direction given by the consignor, and rendered the carrier liable. In a later volume, (*Quimby* v. *Vanderbilt*, 17 New York Rep. 306,) Denio, J., approves the rule theretofore announced by that court. His language is: "The late Court of Errors, in my opinion very wisely, limited the English rule above mentioned, by holding that evidence was admissible to show that by the course of business, a transportation line receiving property without any express contract, undertook only to carry it over its own line, and then place it in the hands of the carriers over the next route, and that it discharged its obligations to the owners by delivering it to a responsible company next in order in its passage to the place of destination."

The Supreme Court of *Massachusetts*, in the case of *Northern R. R. Co.* v. *Fitchburg R. R. Co.*, 6 Allen 254, held that a railroad company receiving goods for transportation to a point beyond its own road, having safely transported the goods over its own line, and delivered them, with the proper address or direction, to the connecting carrier, was not liable for the goods afterward converted by such carrier to his own use, though such connecting carrier proved to be irresponsible.

The answer and reply bring the appellant within the rule of law as we have stated it. The receipt contained no stipulation that the carrier would not, in accordance with the usual custom of business, deliver the package to the next carrier in order. The demurrer should have been sustained to the reply.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further action in accordance with this opinion.

*J. Davis*, for appellant.

*J. Brownlee* and *W. March*, for appellees.