WILLIAM J. DOUNCE, Appellant *v.* SAMUEL J. PARSONS and NATHAN H. MYRICK, Respondents.

A copartnership was dissolved and a new firm under the same name formed, with the same members, except one, whose place was supplied by the defendant. The new firm did not assume the debts of the old firm. B, one of the original partners, induced the plaintiff to furnish him with money, to buy up the debts of the old firm, representing to the plaintiff, that they could be purchased at a large discount. Instead of buying up the old debts, B., upon receiving the money from the plaintiff, delivered to him, as such antedated notes, drawn and endorsed by him in the firm name, and depositing the plaintiff's money to the credit of the new firm in the bank, checked it out in the firm name, and applied the greater part of it to the payment of the debts of the old firm, all the other defendants being ignorant of the whole transaction. In an action on these notes, brought by the plaintiff,—*Held*, that the new firm were not liable for them, and that he could not recover.

(Argued February 22, 1871; decided March 21, 1871.)

APPEAL from a judgment of the late General Term of the Supreme Court, in the Sixth judicial district, reversing a judgment for the plaintiff, entered upon the report of a referee, and ordering a new trial. Action upon promissory notes. On the first of January, 1867, the firm of Myrick, Haight & Co., before then existing, was dissolved, and a new firm, under the same name, was organized. The partners were the same in each firm, except that Samuel J. Parsons became a partner in the new firm, in the place of James Greenwood, a member of the old firm. At the time of dissolution, the old firm was largely indebted, but such debts were not assumed by the new firm, nor had the defendant, Parsons, any knowledge of them, During the month of January, 1867, Bemis, who was a member of both firms, informed the plaintiff of the above facts, and that the notes of the old firm could be bought in New York, at a discount of eighteen to twenty per cent. An arrangement was then made between the plaintiff and Bemis, by which the plaintiff advanced to Bemis, moneys with which Bemis agreed to buy for him, such notes of the old firm. Bemis, thereupon made and executed the notes in suit, and signed the name of Myrick, Haight & Co. thereto, making them payable to their own order, and endorsed the same, payable to the order of the plaintiff in the firm name, dating them, with one or two exceptions, prior to the first of January, 1867, and sent them to the plaintiff as and for the notes of such old firm, purporting to have been bought by him in the market. The proceeds of these notes were credited to Bemis on the books of the new firm, but were mostly drawn out and applied by him on the debts of the old firm. The new firm was dissolved in March, 1867. Parsons had no knowledge of these dealings between the plaintiff and Bemis, until after the commencement of the action. The notes were not paid when due, and in May, 1867, this action was brought against the co-partners in the new firm. The defendant Parsons answers separately, denying the liability of the new firm and alleging usury. The defendants Myrick, Haight and Bemis answer separately, setting up the like defences. The

referee found for the plaintiff, and judgment was entered on this report against all the defendants for $10,693.64. The General Term reversed this judgment, and the plaintiff appealed to this court.

*J. R. Ward*, for the appellant, insisted that defendants were liable for the tortious act of their co-partner. (Parsons on Part., 150; *Locke* v. *Stearns*, 1 Met., 564; *Manf. and Mech. Bank* v. *Gore & Grafton*, 15 Mass., 75; *Boardman* v. *Gore*, id., 331; *Whittaker* v. *Brown*, 16 Wend., 505; *Richardson* v. *French*, 4 Met. 577.)

*Geo. B. Bradley*, for respondents, insisted that it was a personal transaction between Bemis and plaintiff, and therefore defendants were not liable. (Collyer on Part., 4 Am. ed., § 483; 3 Kent's Com. 5th ed., 42, 43; *Livingston* v. *Roosevelt*, 4 Johns., 251; *Gansevoort* v. *Williams*, 14 Wend., 135; *Talmadge* v. *Penoyer*, 35 Barb., 120, 129; *Jaques* v. *Marquand*, 6 Cow., 497, 503; *Loyd* v. *Freshfield*, 2 Carr. & Payne, 325; *Ex parte Apsey*, 3 Brown, Ch., 365; *Vallett* v. *Parker*, 6 Wend., 619; *Boyd* v. *Plumb*, 7 Wend., 309; *Foot* v. *Sabin*, 19 John., 154–157; *Ex parte Bonbonus*, 8 Ves., 540, 544; *Rogers* v. *Bachelor*, 12 Peters, 229; *Eastman* v. *Cooper*, 15 Pick., 276.)

ALLEN, J. The judgment upon the report of the referee was properly reversed and a new trial granted by the Supreme Court. The reasons assigned by Judge BOARDMAN for such action, are satisfactory. The money for the recovery of which this action was brought, was not advanced to or for the defendants or upon their credit, and the notes transferred to the plaintiff were not in fact, and did not purport to be notes of the defendants firm and were not given in their business.

The transaction was entirely disconnected with the business of the partnership composed of the defendants and was so understood by the plaintiff who gave credit only to Bemis, by entrusting him with the money to purchase for him and as his

agent, the notes of another firm, before then dissolved, and the notes transferred were delivered to and accepted by the plaintiff as the notes of that firm. Bemis perpetrated a fraud on the plaintiff but not in the business or as the agent of the defendants. Had the plaintiff shown that the money, although entrusted to Bemis for a special purpose, had been diverted and appropriated by the defendants to their use with knowledge that it was the money of the plaintiff, an action upon the notes, or for money had and received, might have been maintained. They would then with knowledge of the facts and with their assent have become the debtors of the plaintiff, but the evidence came far short of proving such a state of facts. The money was placed by Bemis to the credit of the firm in bank and checked out by him in the firm name, and chiefly, if not entirely, in the payment of the debts of the extinct firm, and if in a sense the defendants (the new firm), may be said to have received the money, it was not as the money of the plaintiff, but of Bemis, who had credit for it. Had the money been borrowed for the firm in the ordinary course of business, the defendants would have been liable. But Bemis was the trustee and agent of the plaintiff and having the money in his hands in that capacity, placed it with that of the firm and took to himself credit for it. The other parties were ignorant of the relations between him and the plaintiff, as well as of the source from which the money came. The relation of debtor and creditor as between the plaintiff and the defendants, did not result from that transaction. (*Jaques* v. *Marquand*, 6 Cow., 497; *Hutchinson* v. *Smith*, 7 Paige, 33; *Richardson* v. *French*, 4 Met., 577; *Smith* v. *Craven*, 1 Cr., and Jer., 500.)

The order granting a new trial should be affirmed, and judgment absolute go against the plaintiff pursuant to the stipulation.

All the judges concurring, judgment affirmed.