Johnson, J.
The first question which arises in this case is as to the meaning of the contract under which the plaintiffs claim to recover against the defendants; for it is no longer open to question, in this State, that in the absence of fraud or imposition, the rights of carrier and shipper are controlled by a contract, in writing, delivered to the shipper by the carrier, at the time of the receipt of property for transportation. (Collender v. Dinsmore, 55 N. Y., 200; Long v. N. Y. Cent. Railroad, 50 id., 76.) The contract contains the following clauses: “It is further agreed, and is part of the consideration of this contract, that the Adams Express Company are not to be held liable or responsible for the property, herein mentioned, for any loss or damage *172 arising from the dangers of railroad, ocean, steam or river navigation, leakage, fire, or from any cause whatever, unless specially insured by them and so specified in this receipt; which insurance shall constitute the limit of the liability of the Adams Express Company, in any event; and if the value of the property above described is not stated by the shipper, the holder hereof will not demand of the Adams Express Company a sum exceeding fifty dollars for the loss or detention of, or damage to, the property aforesaid.”
It is to be observed, as the key to the interpretation of this language, that the clauses quoted, although contained in a single sentence, are not alternative clauses relating to a single sort of loss, and dependent for their applicability on the circumstances specified. Each branch of the provision js complete in itself. The first excludes all liability on account of the dangers enumerated, unless an insurance is effected with the company. What is meant by insurance is explained by the blank printed on the margin, prepared for the insertion of the amount of insurance agreed upon, and for the price to be pSid for it as distinguished from the freight. It excludes all liability unless there be an insurance, and limits the liability in case insurance is effected, to the amount so insured; which is declared to be, in any event, the limit of the company’s responsibility. The further clause which follows does not relate to damage or loss from the dangers specified in the first clause, but to other grounds of claim against the company not included in the first. In respect to these it provides that if the value of the property is not stated by the shipper, the holder of the receipt will not demand of the company more than fifty dollars for the loss or detention of, or damage to the property aforesaid. Under this last clause of the contract, the jury, under the instruction of the judge, at the trial, found a verdict, for the plaintiffs for fifty dollars and interest, no value having been stated by the shipper at the time of his contract, although the property shipped was shown to have been worth upwards of $1,400. This ruling was stated, by the judge, to be founded on a *173 previous decision of the General Term, that negligence was to be proved affirmatively by the plaintiffs, and that in the case, as presented, no negligence had been shown, and that there was no question on that subject for the jury.
It did appear by proof that the package'had not been delivered to the consignees at' Memphis; for that question was submitted to the jury, and on it they found for the plaintiffs. Mo explanation of the non-delivery was shown by the defendant. But it was shown on the part of the plaintiffs that some months after the shipment, and within a year, the box in which the goods had been shipped was picked' up near Gowanus, on the East river shore, empty. These facts, thus shown, would have warranted the submission to the jury of the question of negligence, if that inquiry was material in determining the rights of the parties. (Burnell v. New York Central Railroad, 45 N. Y., 183, 189 ; Bostwick v. Baltimore Ohio Railroad, 45 N. Y., 717.)
Under the charge of the judge and the facts alluded to, in order to sustain the verdict, we must be able to say that the defendants, by their contract, have stipulated for exemption from liability beyond fifty dollars, for losses occurring through their negligence, and also, that such a contract, if made, is valid in law. The. latter branch of this proposition must be deemed to be the law of this State. In Belger v. Dinsmore (51 N. Y. R., 166), the contract stipulated for immunity to the carrier unless the loss should be proved to have occurred from the fraud or gross negligence of the express company, and, in any event, limited the recovery which might be had to fifty dollars, unless a greater value was specified. • Effect was given to it according to its terms. The same decision was made in Steers v. Liverpool, New York & P. Steam S. Co. (Com. of App., January 7, 1874), upon a contract worded, substantially, in the same way. The provision for a limited liability was held to take effect when the loss was through negligence ; inasmuch as all losses were excepted unless proved to have been occasioned by negligence. And the same doctrine has been affirmed in many *174 cases. (Cragin v. N. Y. Central Railroad, 51 N. Y., 61; Newstadt v. Adams, 5 Duer, 43; Bissell v. New York Central Railroad, 25 N. Y., 442.) But the contract will not be deemed to except losses occasioned by the carrier’s negligence unless that be expressly stipulated. Thus, in Steinweg v. Erie Railway (43 N. Y., 123), where the exemption was from damage or loss to any article by fire or explosion, it was held not to apply to fire or explosion caused by its own negligence. So, in Guillaume v. Hamburgh and Am. Packet Co. (42 id., 212), where the exemption was from any act, neglect or default of the pilot, master, or mariners, it was held that gross carelessness of the mate, in the delivery of property in port, ought not to be deemed within the exemption. In Lamb v. Camden and Amboy Co. (46 id., 271) it was held that exemption from damage by fire did not exonerate from a loss by fire which resulted from the defendant’s negligence. Bostwick v. Baltimore & Ohio Railroad (45 id., 712) is, substantially, to the same effect. In Westcott v. Fargo (6 Lans., 319) it was held that a clause limiting liability in terms equivalent to those in this contract, ought not to be construed to apply to losses occurring through the negligence of the carrier or his servants; and that the construction of such exemptions ought to be taken most strongly against the party whose language they are, and whose situation places him, at least, in a position of equal advantage in fixing the terms of the contract. On principle, I think this position well founded, for the reason assigned. The terms of these contracts are very much under the control of the carriers, and they may justly be required to express in plain terms the entire exemption for which they stipulate. The language of this clause is very broad; but if it be desired that a clause shall cover losses by negligence, it is not too much to say that the purpose must be clearly expressed.
The recent case of Oppenheimer v. The U. S. Express Co. (in the Supreme Court of Illinois, 9 Alb. Law Journ., 187) asserts the established legal construction of such conditions to *175 be, that they do not cover cases of actual negligence unless that be expressly stated.
The judgment should be reversed and a new trial ordered, costs to abide the event. ■
All concur. Judgment reversed.