Bradley, J.
The partner, Howard, had no right to use the funds of his firm to pay his individual debts. And when such illegal appropriation is made by one partner, the firm or its representative or creditors, may follow and reclaim the funds or property until they reach the hands of a holder in good faith. But for the purposes of such remedy and re- *644 the rule in its application differs somewhat as to money and property other than money, and necessarily so for obvious reasons, having relation to commercial and other business transactions.' while the former has an identity and (excluding bills and notes), is without negotiability, money, as such, has no ear-mark, and has the negotiable quality essential to trade. In the one case the purchaser is required to ascertain the title of his vendor, apparent or real, to protect his purchase, while in the other the recipient of money in good faith is not put upon inquiry. And his want of knowledge that the use made of it by the act of the payment to him is illegal, gives protection to his title. Dob v. Halsey, 16 John., 34; People v. M. and M. Bank, 78 N. Y., 269; Stephens v. Board of Education, 79 id., 183.
The defendant had no notice that the money paid him by the Farmers’ Bank upon Howard’s check, was derived from the sale of the firm property, or that the proceeds of such sale supplied the credit of Howard at the bank for the amount requisite to pay his check. He received the money in good faith and in the regular course of business, in payment of such amount due him from Howard. The plaintiff, who was the cashier of the Farmer’s Bank, was in no sense the agent of the defendant, so as to charge the latter with his.knowledge. It is also claimed that this was a fraud upon the creditors of the firm, and therefore relief should be given in their behalf. This was a diversion of the firm assets from its creditors, and it was then insolvent.
In that sense it was a fraud upon them which the defendant is no more responsible for or chargeable with than would be the merchant to whom one partner should pay for goods the money taken from the funds of his firm. The cases to which reference is made by the plaintiffs counsel do not support his contention as applied to the facts here. Geery v. Cockroft (1 J. & S., 146), had relation to property not money, and Johnson v. Hersey (70 Me., 74, 35 Am. Rep., 303), was a case of attempted diversion of partnership funds with knowledge of the bank to charge, which as trustee the proceeding was taken. The complaint was properly dismissed, and we fail to see any support for the defendants alleged counter-claim. Howard holding the defendant’s money in trust for certain purposes wrongfully appropriated some of it to the payment of debts of his firm, and took credit upon its books for the sums so paid. His co-partner had not knowledge of the source from which the funds were derived. This diversion did not make the defendant a creditor of the firm. Jaques v. Marquand, 6 Cow., 497; Dounce v. Parsons, 45 N. Y., 180. When the money received from the defendant was deposited in the bank, it or the account representing credit to Howard for it was impressed with the trust, and the result we think may have been the same if it had been placed to the credit of his firm while it so remained to its credit there, and thus far it might be followed for the *645 the purposes of equitable relief. Pennell v Deffell, 4 De G M. & G., 373. Knatchbull v. Hallett, L. R. 13 chap , div. 696., 36 Eng Rep., (Cook) 779, Dows v Kidder 84 N. Y., 121. But none of this money went into the bank to the credit of the firm, so that no balance to its credit can be treated as representing any of the defendant’s money for the purpose of trust in his behalf, nor has it gone into any specific property of the firm which passed by the assignment to the plaintiff as assignee. There seems therefore in the view taken no opportunity to charge the firm assets in the hands of the plaintiff with any trust in behalf of the defendant. Ferris v. Van Vechten, 73 N. Y., 113. The case cited of People v. Bank of Rochester (96 N, Y., 32), has no application. There the money was paid into the bank for a specific purpose to which it was not applied, and the assets or funds of the bank in the hands of a receiver, were charged with the trust arising out of the fraud on the part of the bank and from which it could not be permitted to profit. No other question seems to require consideration.
The judgment should be affirmed.
Smith, ¡P. J., and Haight, J., concur.