(3 Misc. Rep. 86.)

JACKSON et al. v. REICH. ,

(Common Pleas of New York City and County, General Term. March 6, 1893.)

PLEADING AND PROOF—VARIANCE—BILL OF PARTICULARS.

In an action to recover for 13 lava gas logs and other fixtures placed in defendant's hotel, which were specified in a bill of particulars as having been placed in the hotel at certain dates and in certain rooms, plaintiffs may prove the placing of logs in those rooms at other dates than those specified, and, on defendant offering evidence that there were no logs in those rooms, plaintiffs may recover for logs placed in other rooms, and not paid for.

Appeal from trial term.

Action by William H. Jackson and others against Lorenz Reich. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Abram Kling, for appellant.

H. P. K. Peck, (John Brooks Leavitt, of counsel,) for respondents.

DALY, C. J. The complaint was for goods sold and delivered, including 13 lava gas logs, iron bottoms for coal-grate baskets, and tiles for facings, and for work, labor, and services in attaching the gas logs, etc., an itemized account of which articles and labor is set forth in de-

tail in the bill of particulars annexed to the complaint, all which were alleged to be reasonably worth $322.15. The answer admitted the doing of certain work by plaintiffs for defendant upon the Hotel Cambridge, but denied knowledge or information sufficient to form a belief as to the furnishing of the materials and doing of the work claimed for, and alleged payment for all goods, merchandise, and materials furnished and all work performed for him by plaintiffs. The jury found a verdict in plaintiffs' favor for $100. The bill of particulars annexed to the complaint specified work done at certain dates and in certain rooms of defendant's hotel in the setting of lava gas logs, etc. The plaintiffs were permitted, under defendant's objection, to prove the setting of gas logs in those rooms at dates other than those specified in the bill of particulars; and, the defendant having given evidence to show that the rooms specified had no gas logs, nor fireplaces or flues at which gas logs could be set, the plaintiffs were allowed to recover for gas logs actually set in other rooms in the hotel, and not paid for. The defendant excepted to the allowance of evidence of work done upon dates not specified in the bill of particulars, and excepted to the refusal of the court to charge that the plaintiffs could only recover for the rooms actually charged for in the bill of particulars. These exceptions present the question whether the variance between the proof and the bill of particulars could be disregarded. If such variance was not calculated to mislead the defendant, it might be disregarded. 2 Amer. & Eng. Enc. Law, 251. It appears that the plaintiffs had done a large amount of work in defendant's hotel in the year 1887, in furnishing and setting fireplaces, fenders, gas logs, grates, and tiles, amounting to $7,510.60 for which they had been paid; and the items sued for were said to have been furnished in the years 1888 and 1889. The principal dispute was whether the 13 gas logs sued for had not been included in the previous bills. The total number charged for (including those in suit) was about 37, and there were 55 drawing rooms or parlors in which there were mantel pieces, without reckoning the bedrooms with flues. The defendant could not be misled as to the quantity of gas logs, fenders, grates, tiling, etc., which had been set up in those rooms, and the room numbers given in the bill of particulars would not impede in the least any verification of the plaintiffs' charges which he might desire to make. It appeared that there were in the hotel 55 suites consisting of more than one room, and each room was numbered separately, and those rooms connected, so that mistakes and confusion might easily arise in the minds of mechanics as to the number of the particular room in which certain work was done. This would account for any mistakes in the plaintiffs' bill of particulars. But the defendant had it in his power to ascertain with exactness in which room logs had been placed and other work done, and to show by the bills he had paid whether all the work had been paid for, and so the variance between the bill of particulars and the proof could do him no harm. For the same reason variance as to dates was immaterial. The work was done in one building, and all that was needed was for defendant to compare the items of work actually done with items charged in the various bills rendered. In fact, the demonstration of the correct-

ness or incorrectness of plaintiffs' demand was in his power without the aid of any bill of particulars. Judicious liberality has been shown by the courts in disregarding variances between bills of particulars and proof. Thus in Brown v. Williams, 4 Wend. 360–368, which was an action to recover back money paid, and the bill of particulars alleged that it had been paid by a certain person named, proof of payment by a different person was allowed. In Dubois v. Canal Co., 12 Wend. 334, the plaintiff was allowed to recover a greater price than that alleged in his bill of particulars. In Duncan v. Ray, 19 Wend. 530, a variance of a year, as to the time of sale of a horse, between the bill of particulars and the evidence given on the trial, was not regarded. In McNair v. Gilbert, 3 Wend. 344, the notes sued upon were described as bearing interest, while the notes proved did not bear interest, and the variance was held immaterial. In Bonney v. Seeley, 2 Wend. 481, plaintiff claimed in the bill of particulars to recover for money paid, and his proof showed a payment in land instead of money. This was held admissible. In Newstadt v. Adams, 5 Duer, 43, the complaint alleged the delivery of a box to the defendants as common carriers at their office, 59 Broadway, while the proof showed a delivery at their office in Canal street. It was held a variance which the court by the Code was required to disregard. The variance between the bill of particulars and the proof in the case before us was not more serious than the variance disregarded in any of the authorities cited, and the defendant has nothing to complain of in the ruling of the court in that regard.

Error is claimed for instructions to the jury, but the appellant's brief misapprehends the charge of the court. Thus the court did not charge that, if the jury believed the evidence of Hankinson (one of the plaintiffs) that he delivered 40 or 50 gas logs, they must find that there was no contradiction thereto; but charged that, if they found that such evidence had been adduced upon the trial in this case, then they might find there was no contradiction thereof. Nor did the court charge that plaintiffs were entitled to a verdict if the jury believed Hankinson's evidence, but, on the contrary, told the jury that, Mr. Hankinson being a party to the suit, they had a right, after weighing the testimony, to entirely disregard his testimony; and in no part of the charge did the court intimate that his evidence was conclusive. It is objected that Hankinson gave no such testimony as is embraced in the charge of the judge. This is not correct. Hankinson swore that it was 40 to 55 logs altogether which he furnished, and which went into the rooms of the hotel; that this was his recollection from having seen them in the rooms. It is objected that there was contradiction of this testimony. The defendant made the following statement: "I told him [Hankinson] I don't believe there has been twenty logs in the Cambridge where he claims forty-five, and I will prove it that there is not twenty-five logs in the Cambridge to-day, and never was." This was no contradiction of the testimony of Hankinson. The other evidence of the defendant related to the specific rooms charged for in the bill of particulars, and not to the whole number of logs furnished. None of the exceptions were well taken, and the judgment and order appealed from should be affirmed.