No. 1,195.

THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v*.
CONDON.

RAILROAD.—*Receiving Goods to be Delivered to Connecting Carrier.*—
*Liability.*—In the absence of a special contract as to goods received by a common carrier, marked for a point beyond its line, the obligation of the carrier is nothing more than to transport safely to the end of its line and then deliver to the connecting carrier, to be forwarded to the point of destination.

SAME.—*Freight.*—*Overcharge.*—*Sufficiency of Complaint.*—*Ownership.*—
In a complaint which alleged that the defendant railroad company agreed to carry certain goods for plaintiff for a reasonable reward, to be paid by plaintiff, and that the railroad company exacted an overcharge from the consignee, who in turn deducted the same from the price of the goods, the ownership of the goods was immaterial, the material question being who paid the freight.

SAME.—*Action for Overcharges.*—*Necessary Allegations.*—*Defense.*—In an action for overcharges for freight, in excess of the contract price, it is unnecessary for the plaintiff to negative in his pleading all the other sources from which appellant might have acquired a rightful claim against him for the amount of the alleged overcharge. If the collection of the additional sum was justified by any other cause, it was matter of defense.

From the Newton Circuit Court.

*W. E. Hackedorn, J. B. Cockrum* and *W. Masson,* for appellant.

*J. T. Brown* and *E. G. Hall,* for appellee.

GAVIN, J.—The appellee recovered judgment upon a complaint in five paragraphs, to each of which a demur-

rer was filed and overruled, with proper exceptions. The rulings on the demurrers are assigned as causes for reversal.

The first paragraph of complaint, as construed by the court, and as the parties seem to have regarded it, seeks to recover for unreasonable delay in delivering a car load of hay at Chicago, whereby loss was occasioned. We are compelled to view this paragraph as fatally defective, for the reason that no contract is set up whereby appellant agreed to deliver the car of hay at Chicago. The car was loaded and delivered to appellant at Templeton, a station on its line, the destination being Chicago, a point off appellant's line. The agreement alleged in the complaint is that appellant was a common carrier of goods "from Templeton, Ind., to all stations and shipping points on the Lake Erie and Western Railroad; that on said day defendant agreed with plaintiff, in consideration of a reasonable reward to be paid by plaintiff, to carry safely for plaintiff one car load of hay, destined to the city of Chicago, Illinois, and to deliver said hay to another carrier on the route to said destination."

From this allegation, it is clear that appellant's contract was not to deliver at Chicago, but to deliver to a connecting carrier on the route to that point.

The bill of lading on which the paragraph is based is in harmony with this allegation. It reads: "Received, etc. (indicating the property), which said company agrees to carry to said destination, if on the Lake Erie and Western Railroad, otherwise to deliver to another carrier on the route to said destination."

The bill of lading also contains the following further provision: "No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee."

It was early held in this State that in the absence of a special contract as to goods received by a common carrier, marked for a point beyond its line, the obligation of the carrier is nothing more than to transport safely to the end of its line and then deliver to the connecting carrier to be forwarded to the point of destination. *United States Ex. Co.* v. *Rush*, 24 Ind. 403.

There are authorities in other States holding differently upon this general proposition; but, in the case in hand, the question does not resolve itself into one of presumptions. By the contract, as alleged in the complaint, and by the terms of the bill of lading, appellant's duty was simply to carry safely and deliver to the succeeding carrier within a reasonable time. No failure in the performance of this duty is alleged. In order to make a good complaint, the averments should be such as to show a duty or obligation resting upon appellant, and a violation of that duty or a failure to perform the obligation.

The second paragraph presents the same question as the first.

The third paragraph seeks to recover excessive charges wrongfully required to be paid before the appellant would deliver to appellee's consignees a certain car load of straw shipped to them over appellant's road.

The objection urged to this is that in the absence of an allegation to the contrary the straw belonged presumptively to the consignees. *Pennsylvania Co.* v. *Poor*, 103 Ind. 553; *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18. And, therefore, the cause of action was in them, and appellee could not maintain any action thereon without an assignment.

We do not regard this position as well taken. The conclusion asserted by no means follows from the premise established. The complaint alleges that appellant agreed to carry the goods for appellee "for a reasonable

reward to be paid by plaintiff," and that they exacted the overcharge from the consignees, who in turn deducted the amount from the price of the goods. Under such circumstances the ownership of the goods is immaterial. The material question is: Who paid the freight? To this question, but one answer can be given under the allegations of the pleading.

In *Louisville, etc., R. R. Co.* v. *Wilson*, 132 Ind. 517, a pleading much less strong upon this point was sustained.

The 4th and 5th paragraphs are for overcharges of freight on cars shipped over appellant's road to Summitville, N. Y., to appellee's order. The only objection presented to these paragraphs is that, by appellant's rules, unless the car was received by the consignee within forty-eight hours after its arrival at the place of destination, certain charges for the detention of the car would accrue, and that the pleading does not allege that no such charges had accrued, nor that the want of a proper demand with his bill of lading did not cause a delay which justified additional charges. The pleading distinctly alleges that the overcharge was for "transportation" of the goods. It was not, therefore, according to the pleading "trackage" or "demurrage" or any incidental charge of that character. The pleading says the appellant agreed to carry the goods for a certain price, and then charged and collected for that service a sum in excess of the contract price, enforcing its claim by holding the goods until the sum was paid. It was unnecessary for appellee to negative in his pleading all the other sources from which appellant might have acquired a rightful claim against him for the amount of the alleged overcharge. If the demand for this additional sum was justified by any other cause, this was for appellant to

prove, and thereby show that any case apparently made by appellee's evidence was really not well founded.

The judgment is reversed with instructions to the trial court to sustain the demurrers to the first and second paragraphs of the complaint with leave to amend.

Filed September 21, 1894.