THE PENNSYLVANIA COMPANY v. HOLDERMAN ET AL.

COMMON CARRIER.—*Contract.*—*Title to Goods Shipped.*—*Presumption.*—*Delivery.*—*Acceptance.*—*Damages.*—*Pleading.*—The legal presumption is that, upon the delivery of goods by the consignor to a common carrier, the title thereto vests in the consignee. and this presumption the carrier has a right to rely and act upon, in the absence of express notice from the consignor that he retains the title ; and in an action by the consignor against such common carrier, for damages for the non-delivery of the goods to the consignee at the place stipulated in the contract, the complaint will be bad on demurrer if it does not allege that the plaintiff was the owner of such goods, or that such goods were not elsewhere delivered to and accepted by the consignee than the place named in the contract.

SAME.—*Each Paragraph of Pleading must be Complete within Itself.*—Each paragraph of a pleading must be complete within itself ; and where a paragraph of complaint counts upon a written instrument, and neither the original instrument nor a copy thereof is filed with such paragraph, such omission is not cured by the fact that a copy of the instrument counted upon is attached to another paragraph of the complaint.

SAME.—*Reversal of Judgment.—Practice.*—Where a cause has been tried upon issues jöined on a complaint containing two or more paragraphs, one of which is defective, and a demurrer to the defective paragraph has been overruled, the judgment will be reversed for the error in overruling such demurrer if the record fails to show that the cause was tried, and the verdict and judgment rendered, exclusively upon the good paragraphs.

SUPREME COURT.—*Certiorari.—Notice. — Waiver.—Submission.—Rule 37.— Practice.*—A motion in the Supreme Court for a *certiorari* to correct the record in a submitted cause will not, under Rule 37 of such court, be entertained, unless the opposite party, or his attorney, shall have had ten days' notice in writing of the intended motion. The opposite party may, however, waive such notice, and upon the showing of such waiver the motion will be acted upon, and it is not necessary that the submission of the cause should be set aside before the writ is issued.

SAME.— *When Paragraph of Pleading will be Deemed out of Record.*—Where the jury trying a cause make no finding on the first paragraph of complaint, but limit their finding to the other paragraphs thereof, such first paragraph is practically out of the record so far as any question before the Supreme Court is concerned.

SAME.— *Waiver.*—Questions not discussed by counsel in the Supreme Court will be deemed waived.

From the Kosciusko Circuit Court.

*J. Brackenridge, A. Zollars* and *F. T. Zollars,* for appellant.

*W. Olds, H. S. Biggs* and *M. Sickafoose,* for appellees.

HOWK, C. J.—In this action, the appellees sued the appellant, as a common carrier of goods for hire, in the Allen Circuit Court, in a complaint of two paragraphs. On the appellees' application, the venue of the action was changed to the court below. In this latter court the appellees filed an amended second paragraph, and an additional third paragraph of their complaint. The appellant demurred to each paragraph of the appellees' complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled by the court, and to these decisions the appellant excepted. Afterward, the appellant answered the several paragraphs of the complaint, by general denials thereof.

The issues joined were tried by a jury, and a general verdict was returned for the appellees ; and with their general verdict the jury also returned their special findings on particular questions of fact, submitted to them by the parties under the direction of the court.  The appellant moved the court for a judgment in its favor, on the special findings of the jury, notwithstanding their general verdict, which motion was overruled, and the appellant excepted to this decision.  The appellant's motions for a new trial, and in arrest of judgment, in the order named, were severally overruled by the court, and to each of these rulings the appellant excepted.  Judgment was then rendered on the general verdict, and from this judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the court below :

1.   In overruling its demurrer to the first paragraph of the complaint ;

2.   In overruling its demurrer to the second paragraph of the complaint ;

3.   In overruling its demurrer to the third paragraph of the complaint ;

4.   In overruling its motion for judgment in its favor on the special findings of the jury, notwithstanding their general verdict ;

5.   In overruling its motion for a new trial ; and,

6.   In overruling its motion in arrest of judgment.

In considering and deciding the several questions which arise under these alleged errors, we will first dispose of the objections presented by the appellant's counsel in argument to the different paragraphs of appellees' complaint, and in so doing we will take up and comment upon these paragraphs in their enumerated order.

1.   In their brief of this cause, the appellant's counsel have not discussed the sufficiency of the facts stated in the

first paragraph of the complaint to constitute a cause of action. The first alleged error may therefore, under the settled practice of this court, be regarded as waived. Besides, as the jury trying this cause made no finding whatever on this paragraph of the complaint, but, in their general verdict, expressly limited their finding for the appellees to and " on the 2d and 3d paragraphs," it seems to us that, without injustice to either of the parties, we may properly regard the first paragraph of the complaint as practically out of the record, at least so far as any question before this court is concerned.

2. The chief objection urged in argument by the appellant's counsel to the second paragraph of the complaint was, that it counted upon a written contract alleged to have been executed by the appellant, and that the record failed to show that any copy of this written contract had been set out in or filed with this paragraph of the complaint. This objection has since been obviated by the return of the clerk of the court below to a writ of *certiorari*, issued in this cause on the 3d day of June, 1878, sending up to this court a certified copy of such written contract, and further certifying that such copy "was and is attached to the amended second paragraph of plaintiffs' complaint in said cause and made a part thereof,     *
*     *     *     and was, by mistake and not otherwise, omitted" from the transcript filed in this court on this appeal.

We deem it unnecessary, therefore, that we should give a summary of the facts alleged in this second paragraph in this opinion; and especially so, as the material facts alleged therein were for the most part, if not wholly, repeated in the third paragraph of the complaint, which was filed more than a year after the second paragraph was filed, and of which third paragraph a full summary will be given.

We may properly remark, in this connection, that the appellant's counsel have recently, in a supplemental brief filed on the 31st day of January, 1880, moved this court to strike out the "amended record," obtained by the return of the clerk below to said writ of *certiorari*. Counsel say, the application for the *certiorari* "was made long after appellees had been defaulted and the case submitted, and without having their default set aside. We submit that the appellees had no standing in court to authorize them to make a motion for a *certiorari*, and that the court should not have granted the order, and that the court should now disregard the amended record." On this point, the practice in this court is governed by the following rule:

"Rule 37.   No motion for a certiorari to correct the record, in a submitted cause, will be entertained, unless the opposite party, or his attorney, shall have had ten days' notice in writing of the intended motion."

Of course, the opposite party, or his attorneys, may waive this notice in writing, and, when such waiver is shown, the court will act upon the motion just as it would if formal notice of the motion had been given. In the case at bar, when the appellees made their motion in writing for the *certiorari*, there appeared thereon, over the signature of the appellant's counsel, the following endorsement, to wit: "The within has been served upon us, and we waived any further notice." Upon this waiver, the court acted at once upon the appellees' motion, and ordered that a *certiorari* be issued as prayed for. It was not necessary that the submission of the cause should be set aside, and, certainly, the rule did not require that it should, before the writ was issued. Upon the facts of this case, as we have stated them, and as the files of this cause show them to be, it seems to us that the appellant and its counsel have "no standing in court to authorize them to make a motion" to

strike out the "amended record;" and therefore the motion must be and is overruled.

3. In the third paragraph of their complaint, the appellees alleged, in substance, that the appellant, before, at the time of and since the delivery of the car-load of lumber hereinafter mentioned, was and had been a common carrier of goods and chattels for a reasonable hire; that on the 17th day of January, 1873, the appellees delivered to the appellant as such common carrier, at Pierceton, Indiana, one car-load of black walnut lumber containing 5,550 feet of lumber, of the value of five hundred dollars, loaded in a New York Central Red Line car, No. 3,132, to be safely carried and conveyed from said town of Pierceton to Thirty-Third street, New York City and State, and at said Thirty-Third street to be safely delivered to one A. H. Stone, consignee of the appellees, for a certain reasonable reward and hire to the appellant; that the appellees procured the said New York Central Red Line car No. 3,132 for the express purpose and reason that no other car or cars, except the said New York Central Red Line cars, could be transported and delivered at Thirty-Third street, New York City, all of which the appellant well knew at the time said lumber was so delivered to it, and that said car No. 3,132 could not be run or pass over any other route to said Thirty-Third street, or to any other part of said New York City, except upon and over the appellant's road from Pierceton to the city of Fort Wayne, Indiana, and thence by way of the Toledo, Wabash and Western Railway, and Southern Michigan and Lake Shore, and New York Central and Hudson River railroads; that, at the time the appellees delivered the said car-load of lumber to the appellant at Pierceton, they gave to the appellant's agent shipping directions for said car, as follows: "To A. H. Stone, Thirty-Third street, New York City, N. Y. C. Car. No. 3,132, one car-load of lumber, weight 20,000 lbs.,"

and the appellant's agent then and there delivered to the appellees a bill of lading for said car-load of lumber; that the appellant, by its said agent, by mistake and negligence, then and there inserted in said bill of lading and left in the printed form used therefor the following statement, to wit: "Consigned to Clark & Co., Pittsburgh, to be shipped thence by them, by Pennsylvania Railroad, to Philadelphia or Baltimore, and thence through Leech & Co. by connecting lines at risk of the owners, and delivered at the wharf of Jersey City;" that said bill of lading was so made by the mistake of both the appellees and the appellant; that said bill of lading should have been from Pierceton, Indiana, to the city of Fort Wayne, and thence, by way of the Toledo, Wabash and Western Railway, and Michigan Southern and Lake Shore, and New York Central and Hudson River railroads, to Thirty-Third street, New York City, instead of the above; that New York Central Red Line cars were not and could not be run, and could not pass over the appellant's line of road to Thirty-Third street, New York City, nor to Jersey City; that the lumber shipped by the appellees upon said New York Central car No. 3,132 never was delivered by the appellant at Thirty-Third street, New York City, according to the original shipping directions and the appellant's agreement, and was never transported and delivered by the appellant at any other point within a reasonable time, as it was bound to do; that the appellant carelessly and negligently permitted said lumber to remain in its possession for the space of thirty days, without giving the appellees any notice whatever of the "whereabouts" and condition thereof; that by reason of said mistake of the appellant in shipping said car No. 3,132 over its said line of road, and negligently and carelessly keeping said lumber in its possession, without the knowledge of the appellees, and its failure to deliver the same at Thirty-Third street, New York City,

the said lumber was lost to the appellees, to their damage in the sum of six hundred dollars. Wherefore the appellees asked that said bill of lading should be reformed to correspond with the appellees' said shipping directions, and to show the appellant's contract, as it was in fact, to ship said car-load of lumber from Pierceton to the city of Fort Wayne, and thence over the said railroads hereinbefore mentioned, the usual and only line for said Red Line car No. 3,132 to travel to reach Thirty-Third street, New York City, and, when so reformed, they demand judgment thereon for six hundred dollars, and other proper relief.

From the foregoing summary of the facts alleged in the third paragraph of the appellees' complaint, it will be readily seen, we think, that the appellant's demurrer thereto, for the want of facts, was well taken and ought to have been sustained. This paragraph counts upon a written contract or bill of lading, alleged to have been executed by the appellant to the appellees; and its prayer for relief is, first, that the written instrument may be so reformed as that it will express what is claimed to have been the actual intention and agreement of the parties thereto; and, second, when so reformed, that the appellees might have judgment thereon for the damages which, it was averred, they had sustained by and through the appellant's breach thereof. Yet, very singularly as it seems to us, neither the original bill of lading nor a copy thereof was set out in or filed with this third paragraph of appellees' complaint; nor was any cause, reason or excuse given or assigned in said paragraph why such original bill or a copy thereof was not set out therein, nor filed therewith. On this ground of objection, the third paragraph of the complaint was fatally defective, on the appellant's demurrer thereto, for the want of sufficient facts. Nor was this objection to the paragraph cured or obviated, in any manner or to any extent, by the fact shown by the "amended record"

on the return of the clerk below to the *certiorari*, above referred to, that a copy of the bill of lading was attached to, and made a part of, the amended second paragraph of the appellees' complaint. It is a settled rule of pleading in this State, established and approved in and by numerous decisions of this court, that each paragraph of any pleading must be perfect and complete within and of itself, and that defective allegations or omissions of material facts in one paragraph can not be aided or supplied by the facts alleged in another paragraph. *Leabo* v. *Detrick*, 18 Ind. 414 ; *Day* v. *Vallette*, 25 Ind. 42 ; *Woodward* v. *Wilcox*, 27 Ind. 207 ; *Mason* v. *Weston*, 29 Ind. 561 ; *Clarke* v. *Featherston*, 32 Ind. 142 ; *Silvers* v. *The Junction Railroad Co.*, 43 Ind. 435 ; *Potter* v. *Earnest*, 45 Ind. 416 ; *McCarnan* v. *Cochran*, 57 Ind. 166.

Independently of this defect in the third paragraph of the complaint, we are clearly of the opinion that the facts alleged therein were not sufficient to constitute a cause of action in favor of the appellees and against the appellant. The paragraph fails to show any breach by the appellant of its alleged contract as contained in the bill of lading, either as it was executed or as it would be if reformed as the appellees prayed for ; nor does it show, in any view of such contract, a cause of action in favor of the appellees and against the appellant. It will be observed that the paragraph contains no allegation to the effect that the appellees were the owners of the car-load of lumber, shipped and consigned by them to A. H. Stone. In the absence of such an averment and of proof to sustain it, the legal presumption would be and is, that, upon the delivery of said lumber to the appellant as a common carrier, the title thereto and the property therein would be vested in said A. H. Stone, the consignee thereof; and this legal presumption of the ownership of the lumber by the consignee, Stone, the appellant had the right to rely and act upon, in the

absence of express notice from the appellees that they retained the title thereto, notwithstanding their consignment thereof to said Stone. *The Madison, etc., R. R. Co.* v. *Whitesel,* 11 Ind. 55. It will also be observed that, although the appellees have alleged, as a breach of the contract of the appellant, its non-delivery of the car-load of lumber at Thirty-Third street, New York City, within a reasonable time, yet they have nowhere averred, in the third paragraph of their complaint, that the lumber was not elsewhere delivered to and accepted by said A. H. Stone, the consignee thereof, within such reasonable time. If the consignee, Stone, was the owner in fact of the car-load of lumber, or if, in the absence of notice to the contrary from the shippers, the appellees, the appellant might lawfully presume, and rely and act upon such presumption, tha. the consignee, Stone, was such owner of such lumber, in either event, the delivery of the lumber to, and its acceptance by, the consignee, Stone, at any other place than Thirty-Third street, would have discharged the appellant from its contract to deliver the same at that particular place. For the place and manner of delivery in such cases may always be changed by the carrier, by an agreement with, or the consent of, the owner of the property. *Lewis* v. *The Western R. R. Corp.,* 11 Met. 509 ; 2 Parsons Contracts, 200.

Therefore, it seems to us that the third paragraph of the complaint, on the demurrer thereto for the want of facts, was insufficient, in this, that it was not alleged therein either that the appellees were and continued to be, or that the consignee, Stone, was not the owner of such car-load of lumber, and that the appellant had notice or knowledge of the appellees' continued ownership, and of Stone's want of title, notwithstanding the consignment thereof. In the absence of such allegations as these, we think that the third paragraph of the complaint fails to show that the

appellant had broken its said contract for the delivery of the lumber; because, for aught that is alleged to the contrary, the place for such delivery might have been lawfully changed by an agreement with, or the consent of, the consignee, Stone, as the owner of such lumber.

For reasons given the court erred, in our opinion, in overruling the appellant's demurrer to the third paragraph of the complaint.

We deem it unnecessary that we should extend this opinion by a critical examination of the second paragraph of the complaint, or in the consideration of the questions arising under the other alleged errors. Much of what we have said in relation to the third paragraph is applicable also to the allegations of the second paragraph of the complaint. Even upon the hypothesis that the facts stated in the second paragraph were sufficient to constitute a cause of action, and to entitle the appellees to some relief, yet, as we have reached the conclusion that the third paragraph was clearly insufficient, on the demurrer thereto for the want of facts, the judgment below must be reversed, for the reason that the general verdict of the jury in this case shows affirmatively on its face, as we have seen, that the jury found for the appellees on both the second and third paragraphs of the complaint. In this court the rule of practice may regarded as settled, that where, as in this case, a cause has been tried upon issues joined on a complaint containing two or more paragraphs, one or more of which paragraphs were defective and the others good, and a demurrer to the insufficient paragraph or paragraphs has been overruled, if the record fails to show that the cause was tried, the verdict returned or finding made, and the judgment rendered, exclusively upon the good paragraphs, the judgment will be reversed for the error in overruling such a demurrer. In such a case, in order to sustain the judgment below, the record must affirmatively show that

the verdict or finding and the judgment thereon were founded wholly and exclusively upon the good paragraphs; and certainly where, as in this case, the verdict of the jury shows affirmatively, on its face, a finding upon two or more paragraphs of complaint, one of which is clearly bad, and errors have been properly reserved and assigned presenting the question, the judgment can not be sustained, but must be reversed. *Wolf* v. *Schofield*, 38 Ind. 175; *Peery* v. *The Greensburgh, etc., Turnpike Co.*, 43 Ind. 321; *Bailey* v. *Troxell*, 43 Ind. 432; *Schafer* v. *The State*, 49 Ind. 460; and *The Evansville, etc., Packet Co.* v. *Wildman*, 63 Ind. 370.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the demurrer to the third paragraph of the complaint, and for further proceedings in accordance with this opinion.