The Pennsylvania Company v. Poor.

Filed Nov. 20, 1885.

———◆———

No. 12,144.

## THE PENNSYLVANIA COMPANY v. POOR.

| 103 | 553 |
| 126 | 324 |
| 103 | 553 |
| 135 | 569 |
| 103 | 553 |
| 147 | 249 |
| 103 | 553 |
| 149 · 414 |
| 103 | 553 |
| f167 | 260 |

COMMON CARRIER.—*Ownership of Goods Consigned.*—*Pleading.*—A complaint against a common carrier, alleging that it negligently failed to deliver certain goods consigned by the plaintiff, to his damage, is bad on demurrer, in the absence of an averment that the plaintiff owned the goods.

SAME.—*Presumption.*—The right of action against a common carrier, for the loss or damage of goods consigned, will be presumed to be in the consignee, in the absence of allegations showing the contrary.

PLEADING.—*Evidence.*—The sufficiency of a complaint must be determined by the facts pleaded, and the court can not look to the evidence to ascertain whether any injury resulted from the ruling on demurrer.

From the Morgan Circuit Court.

*S. O. Pickens*, for appellant.

*W. R. Harrison, W. E. McCord, G. W. Grubbs* and *M. H. Parks,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that the appellant was, on the 4th day of September, 1882, a common carrier; that on that day he delivered to its agent at Martinsville twenty-four thousand pounds of green corn to be transported to Indianapolis; that the appellant undertook to deliver the corn to one Perry as the consignee, at Indianapolis, on that day, and that Perry was the consignee. Negligence in failing to deliver the corn is alleged, and damages are shown. To this complaint the appellant unsuccessfully demurred.

It is affirmed by the appellant's counsel, that the complaint is bad, for the reason that it affirmatively shows that the cause of action is in Perry, the consignee, and not in Poor, the consignor. This position is well assumed. The general rule unquestionably is that the right of action is in the consignee. It is so laid down in the text-books, and it has been so declared by this court. Browne Carriers, section 596; Hutchinson Carriers, section 727; *Madison, etc., R. R. Co.* v. *Whitesel,* 11 Ind. 55; *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18.

There are exceptions to this general rule, but facts showing that the case forms an exception must be pleaded. The law presumes that the consignee is the real party in interest, and unless there are facts pleaded showing the contrary, this general presumption will prevail. We can find nothing in the complaint before us which takes the case out of the general rule. If the property was owned by the appellant, that fact should have been averred. In the absence of this averment, the presumption of which we have spoken rules the case.

Where a complaint is challenged by demurrer, and an exception is reserved, we can not look into the evidence to ascertain whether injury did or did not result. The sufficiency

of the complaint is to be determined from the facts stated in it, and not from what may, or may not, appear in the evidence. The court can not examine evidence to determine a question presented by demurrer; for the demurrer presents the question fully, and the question presented must be decided according to the record. Friddle v. Crane, 68 Ind. 583; Johnson v. Breedlove, 72 Ind. 368; Abell v. Riddle, 75 Ind. 345; Over v. Shannon, 75 Ind. 352; Conyers v. Mericles, 75 Ind. 443; Sims v. City of Frankfort, 79 Ind. 446; Wilson v. Town of Monticello, 85 Ind. 10, see pp. 20, 21; Weir v. State, ex rel., 96 Ind. 311, see p. 315.

Judgment reversed.

Filed Nov. 19, 1885.