Filed June 16, 1886.

---

No. 11,055.

# THE BELT RAILROAD AND STOCK YARD COMPANY v. MANN.

NEGLIGENCE.—*Contributory Negligence.—Wilfulness.*—To entitle one to recover for an injury to which his own negligence may have contributed, the injurious act must have been purposely and intentionally committed, with a design to produce injury; or it must have been committed under such circumstances as that its natural and probable consequence would be to produce injury to others.

PRACTICE.— *Verdict on Complaint Containing Bad Paragraph.—Supreme Court.* —Where a verdict is based upon an entire complaint, which contains two or more paragraphs, if either paragraph is bad the judgment will be reversed.

SAME.—*Sufficiency of Complaint.—Evidence.*—In determining the sufficiency of the complaint, neither the evidence nor the result reached can be considered.

SAME.—Sections 338, 376 and 658, R. S. 1881, can not be resorted to in aid of a complaint which fails to state facts sufficient to constitute a cause of action.

From the Marion Superior Court.

*A. C. Harris, W. H. Calkins* and *E. H. Lamme,* for appellant.

*J. P. Baker, F. Winter* and *W. W. Herod,* for appellee.

MITCHELL, J.—James E. Mann recovered a judgment against the appellant in the court below for damages sustained on the 25th day of June, 1882, by coming in collision with one of appellant's locomotive engines at a point where a highway crosses the Belt Railroad, near the city of Indianapolis.

The complaint is in three paragraphs. In the first and third it is charged that the plaintiff's injury was occasioned by the negligence of the railroad company, the plaintiff being without fault or negligence on his part.

The second paragraph does not aver, either directly or indirectly, that the plaintiff was without fault, but proceeds upon the theory that the injury was wilfully and purposely committed, and that the plaintiff was entitled to maintain an action against the railroad company, notwithstanding he may have been subject to the imputation of contributory fault.

With their general verdict the jury returned answers to a number of special interrogatories submitted by each of the parties. These indicate that the verdict and judgment rest on the complaint generally. Indeed, it might well be inferred, in view of the facts specially found, that the general verdict and judgment find their support in that paragraph of the complaint which authorizes a recovery without regard to the fact that the plaintiff may not have exercised due care.

Upon the assumption that the second paragraph, to which a demurrer had been overruled, charged the infliction of a wilful injury, the court, after giving the jury instructions pertinent to the other paragraphs, charged them, in substance, that if the plaintiff's injuries were the result of wilful acts on the part of the defendant's employees, then they might find for him, without reference to whether he had by his negligent conduct contributed to the injury.

The jury were further told in that connection, that if the defendant's misconduct was such as to evince an utter disregard for consequences, and to imply a willingness to inflict

the injury suffered by the plaintiff, then they were authorized to find that the injury was wilfully inflicted.

It will thus be seen that the correctness of one of the theories upon which the case was distinctly put to the jury depends upon whether the complaint presented the issue of an injury wilfully or purposely inflicted. If there was no such issue legitimately presented, it was manifestly erroneous, and necessarily hurtful to the appellant, to permit the jury to determine its liability for an injury resulting from alleged negligence, upon the theory that the plaintiff was entitled to a verdict, notwithstanding the injury may have occurred through his contributory fault.

Where a verdict is based upon an entire complaint, which contains two or more paragraphs, if either paragraph is bad, the judgment will be reversed. *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; *Lang* v. *Oppenheim*, 96 Ind. 47; *Caylor* v. *Roe*, 99 Ind. 1; *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191; *Ethel* v. *Batchelder*, 90 Ind. 520.

In such a case, the ruling must stand or fall upon its own merits. The evidence, or the result reached, can not be considered in determining whether the complaint was sufficient. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Pennsylvania Co.* v. *Poor*, 103 Ind. 553.

We are therefore to determine whether or not the second paragraph of the complaint charges the injury to have been wilfully inflicted, and since the paragraph assumes to state the specific acts which occasioned the injury, the quality of those acts must be determined, not by considering the vituperative epithets with which the complaint abounds, but by a consideration of the acts which are charged as having caused the injury.

That part of the complaint which is material in this connection is as follows: "That on the 25th day of June, 1882, while said plaintiff was travelling along a public thoroughfare, running south from the city of Indianapolis, which crosses defendant's road just south of said city, and while

The Belt Railroad and Stock Yard Company *v.* Mann.

plaintiff was crossing said road, he being seated in a two-wheeled vehicle, drawn by one horse, said defendant, by her servants and employees, ran a locomotive belonging to said defendant * * over and along said road at a great rate of speed, and said defendant so negligently and carelessly operated said locomotive, etc., as to cause the same to run into and against plaintiff's vehicle, thereby hurling said vehicle and horse to one side of the road, and running against, upon and over this plaintiff, crushing and mutilating his right arm, etc. * * * That said accident occurred, and said injuries were inflicted by said defendant, her servants and employees, through their gross and wilful negligence, and through their wantonness and recklessness in the management of said locomotive and train. Plaintiff avers that by reason thereof he was cruelly, wantonly, and wilfully, permanently maimed and injured by said defendant's said employees, to his great and irreparable damage," etc.

Conceding that an action can not be maintained for an injury occasioned by " simple negligence," unless the plaintiff was himself without fault, the appellee contends that the paragraph in question exhibits a case of wilful misconduct, and that it was therefore sufficient on demurrer.

The aid of sections 338, 376 and 658 of the code is invoked in support of this contention. These sections provide, in substance, that the complaint shall contain a statement of the cause of action in plain and concise language, so as to enable a person of common understanding to know what was intended. That in the construction of a pleading, its allegations shall be liberally construed with a view to substantial justice between the parties. Further, that no judgment shall be reversed for any defect in form, variance or imperfections contained in the record, etc.

The foregoing sections have often been resorted to, but without success, in aid of complaints which failed to state facts sufficient to constitute a cause of action. Where a demurrer to a complaint which fails to state a cause of action

has been overruled, the error in so ruling can not be cured by resorting to the sections relied on. The reasons have been so often stated that to state them again would serve no useful purpose. *Johnson* v. *Breedlove,* 72 Ind. 368, and cases cited; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Weir* v. *State, ex rel.,* 96 Ind. 311, and cases cited.

The use of the phrase " wilful negligence," in the connection in which it is frequently employed, is, to say the least, inapt. Whatever idea the word " wilful" may express when so used, it is beyond question that to entitle one to recover for an injury to which his own negligence may have contributed, the injurious act or omission must have been purposely and intentionally committed, with a design to produce injury, or it must have been so committed under such circumstances as that its natural and probable consequence would be to produce injury to others. There must have been either an actual or constructive intent to commit the injury. The act must have involved conduct, *quasi* criminal in character. Following recent and well considered decisions of this court, we arrived at the conclusion in *Louisville, etc., R. W. Co.* v. *Bryan, ante,* p. 51, that to constitute a wilful injury the act or omission which produced it must have been purposed and intentional, or must have been committed under such circumstances as evinced a reckless disregard for the safety of others.

Where one is injured at a railroad crossing by coming in collision with a train, an inference of negligence arises, and unless this inference is rebutted by a general averment of due care, or a specific statement of the facts, showing due care, or unless it appears that the injury was intentionally committed, the complaint is not sufficient. *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31.

There is no language in the paragraph under consideration which can be said to charge that the appellant's employees had an intent, either actual or constructive, to commit the injuries complained of. It does not appear that they had

knowledge of the plaintiff's presence in time to have avoided the collision, or that the crossing was of such a character as that the natural and probable consequence of running an engine, in the manner described, would be to produce an injury such as that suffered by the plaintiff.

The demurrer to the second paragraph of the complaint should have been sustained.

Some of the instructions given, and some of those refused, are the subjects of discussion. We are also asked to consider the answers to the special interrogatories returned by the jury. As, however, it is apparent from what has already been said, that one theory upon which the case was tried was erroneous, we deem it more consistent with the rights of both parties that a new trial should be ordered without embarrassing the case with any suggestions in respect to the other questions discussed.

For the error in overruling the demurrer to the second paragraph of the complaint the judgment is reversed, with costs.

