## ELWOOD NATURAL GAS & OIL COMPANY ET AL. *v.* GLASPY.

[No. 5,932. Filed May 11, 1906. Rehearing denied October 12, 1906.]

PLEADING. — *Complaint.* — *Exhibits.* — *Contracts.* — *Injunction.* —A complaint to prevent a gas company from violating its contract to furnish plaintiff gas so long as the supply lasts, which fails to set out a copy of such contract or an exhibit thereof, is bad.

From Madison Circuit Court; *Daniel W. Comstock,* Special Judge.

Suit by Michael Glaspy against the Elwood Natural Gas & Oil Company and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Gilbert R. Call,* for appellants.

*Bartlett H. Campbell* and *Ward L. Roach,* for appellee.

BLACK, P. J.—The appellee sued the appellants, Elwood Natural Gas & Oil Company, Citizens Gas & Mining Company and Citizens Heat & Light Company. A demurrer of each of the appellants to the complaint for want of sufficient facts was overruled. In the complaint it was alleged that each of the appellants was a corporation and that

each of them was and had been engaged in the business of furnishing gas for domestic consumption for and about the city of Elwood, Madison county, Indiana, and the vicinity thereof for a long time; that the first two companies named had been so engaged in furnishing natural gas for more than eleven years (this cause having been commenced in June, 1903), "and still have some interest therein, as plaintiff is informed and believes;" that these two companies were organized as separate organizations, but since their organization they had either consolidated or had such an arrangement between themselves as to the distribution of gas to their various customers that they had exchanged lines and gas-pipes, and that the customers of one company were furnished gas through the pipes of the other company; that the exact nature and condition of this arrangement the appellee did not know, and he could not state which line belonged to either company or which company actually furnished gas to the appellee or other customers; that since the organization of these two companies they had pretended to sell, convey and dispose of all their rights, property, and franchises to the other appellant, Citizens Heat & Light Company, and this transfer, if any was made, was made since the execution of the appellee's contract "hereinafter referred to," for the purpose of avoiding the obligation of those companies to the appellee "hereinafter set out," and without consideration and with full knowledge of such obligation, leaving said consolidated companies without assets and insolvent, "and is subject to all the rights and privileges of the plaintiff under said contract so referred to;" that on October 1, 1889, the appellee entered into a written contract with said Elwood Natural Gas & Oil Company, by the terms of which that company was to furnish the appellee with gas in his dwelling for the fuel and light therein "as long as gas exists in said wells or the defendants have a supply thereof, for the consideration of $50, which consideration the plaintiff says

he paid; that the plaintiff is entitled under his said contract to the use of gas for fuel and light in his residence situated on," etc., describing certain lots in Elwood; that "there is an abundance of gas in the wells and lines and pipes of said defendant companies to furnish him with gas, and that his residence is attached to and connected with the pipe-lines of one or the other or both of the defendants as above stated, he is unable to say which;" that the appellee for many years had been so connected with "the defendants' pipe-lines and wells and has used gas therefrom continually for lighting and heating his residence, and has in all things conformed to the terms of his said contract, and has fully paid for the use of said gas, and that he has his home piped and equipped for the use of natural gas for lighting and heating, and not for other fuel or light, and cannot procure gas or other fuel; that the defendants are now threatening, without any fault of this plaintiff, to turn off the gas from his residence, which they have no right in law or equity to do; and if said gas is so shut off from his dwelling he will suffer irreparable loss and injury for which there is no adequate legal remedy." By further allegations it was sought to show an emergency for the issuing of a restraining order. Prayer for a restraining order and for a perpetual injunction.

It is not attempted to state a cause of action for damages. The appellee is not shown to have suffered any loss or damage, and there is no demand for damages. It was sought only to prevent by injunction the threatened turning or shutting off from the appellee's residence of gas then being supplied by the appellants or one or more of them, it being claimed that the appellee had the right to the continued use of gas by virtue of a certain written contract between him and the Elwood company. There is much indefiniteness and uncertainty in the pleading, with some statements of conclusions of the pleader. It is manifest that it is sought to rely upon the written contract

above mentioned and prospective conduct operating to constitute a breach thereof. No copy of that contract is set out or exhibited. It is said that it was made in 1889, long before any arrangement is shown to have existed between the Elwood company and either of the other two companies, and that by its terms the Elwood company was to furnish the appellee with gas in his dwelling for fuel and light therein as long as gas exists in "said wells" (not before mentioned in the pleading) or "the defendants" have a supply thereof, for the consideration of $50, which consideration the appellee paid.

It is for threatened failure to continue to perform this contract that an injunction is sought. The pleading being founded upon a written instrument, the original or a copy thereof should have been filed with the pleading or set out therein. §365 Burns 1901, §362 R. S. 1881. See *Xenia Real Estate Co. v. Macy* (1897), 147 Ind. 568; *Ingle v. Bottoms* (1903), 160 Ind. 73; *Simpson v. Pittsburgh Plate Glass Co.* (1902), 28 Ind. App. 343; *Pickett v. Green* (1889), 120 Ind. 584.

Without passing upon other matters sought to be presented as involved in the loosely-written pleading, we must hold the complaint insufficient on demurrer.

Judgment reversed.