## FRIEDERSDORF ET AL. *v.* LACY ET AL.

[No. 21,417. Filed February 3, 1910.]

1. PLEADING.—*Complaint.—Initial Attack on Appeal.—Evidence.—* Where a complaint is attacked for the first time, on appeal, the Supreme Court may look to the evidence to supply an omitted averment; but where a demurrer has been filed and overruled, the Supreme Court, on appeal, cannot look to other parts of the record to supply omissions. p. 431.

2. PLEADING.— *Complaint. — Defects.— Reversal. — Statutes.—* A judgment based upon a defective complaint which could lawfully have been amended in the court below, and which was demurred to, the demurrer being overruled, will be reversed by the Supreme Court, on appeal, regardless of §700 Burns 1908, §658 R. S. 1881, providing, among other things, that "no judgment shall be * * * reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, * * * or other proceedings therein, which by law

might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be * * * reversed, * * * where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." p. 431.

3. WILLS.—*Insane Delusions.—Fear of Poisoning.*—An insane delusion consists of a spontaneous conception and acceptance of that as a fact which has no actual existence, and a persistent belief therein against all evidence and probability; but a fear of being poisoned by certain persons does not constitute such a delusion, where others have warned the testator against such poisoning. p. 433.

4. WILLS.—*Undue Influence.—Alienation of Affections.*—A will secured by purposely and falsely alienating testatrix's affections from her daughters is invalid. p. 434.

5. TRIAL.—*Instructions.—Erroneous.—Prejudicial Error.—Wills.—Insane Delusions.*—A verdict of the testator's insanity might be upheld where insanity is shown independently of alleged insane delusions, but where the court instructs that if such alleged insane delusions existed the will was invalid, prejudicial error is shown, where such delusions were not sufficient to show insanity. p. 434.

6. TRIAL.—*Instructions.— Wills.— Insanity.— Knowledge of Property.*—An instruction that a testator should possess sufficient mind and memory to know the "exact" extent and value of his property is incorrect, such "exact" knowledge not being requisite. p. 435.

7. TRIAL.—*Instructions.—Assuming Facts.*—Instructions should not assume facts in dispute. p. 435.

8. WILLS.—*Undue Influence.—Determination of.*—The question of undue influence in will cases is one of fact and must be determined by the jury from all the facts and circumstances in the case. p. 436.

From Bartholomew Circuit Court, *Marshall Hacker,* Judge.

Action by Lina Lacy and others against Conrad J. Friedersdorf and others. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*Baker & Richman* and *Beck & Emig,* for appellants.

*Francis T. Hord, James F. Cox* and *W. W. Lambert,* for appellees.

MONTGOMERY, J.—The will of Amelia Friedersdorf, after its probate, was adjudged invalid and void, at the suit of ap-

pellees, on the grounds that the testatrix was of unsound mind and the instrument unduly executed. The court submitted to the jury three interrogatories, answers to which were returned with the general verdict, to the effect that at the time of executing the will the testatrix was (1) of unsound mind, (2) unduly influenced, (3) laboring under an insane delusion which controlled her in making the will.

Appellants have jointly and severally assigned as errors the overruling of (1) their demurrers to the complaint, (2) their motions for a new trial.

1. Appellants Leota T. Friedersdorf and Lillie Friedersdorf were joined as defendants to the action, but no allegation respecting them is found in the complaint. They severally demurred to the complaint for insufficiency of facts, but their demurrers were overruled. It is suggested in defense of these rulings that Leota T. Friedersdorf and Lillie Friedersdorf are the wives of codefendants, having an interest in the subject-matter involved, as appears from the evidence. The omitted allegation was probably not called to the attention of the trial court, and if the complaint were attacked for the first time in this court we could doubtless look to the evidence to supply such omission. But when a party exercises his right to challenge a complaint by demurrer for insufficient facts at the inception of the litigation, the duty devolves upon the court of determining, as a matter of law, the sufficiency of its allegations as against the demurring party, and in deciding the question presented no aid can be sought outside the complaint. When the correctness of such rulings is brought before this court for review, it must be determined, so far as practicable, from the viewpoint of the trial court, without the aid of subsequent events or facts outside the complaint.

2. Appellees invoke the provisions of §700 Burns 1908, §658 R. S. 1881, to prevent a reversal of the judgment. This statute has been in force since the adoption of the code of 1852 (2 R. S. 1852, p. 162, §580). In

considering the sufficiency of a paragraph of complaint in the case of *Day* v. *Vallette* (1865), 25 Ind. 42, 43, 87 Am. Dec. 353, this court said: ''This not only fails to show that the plaintiff has any cause of action, but it utterly omits to connect him in any manner with the facts which it alleges, or to refer to anything which does so connect him. Our code is not liberal enough to warrant us in sustaining such a paragraph.''

In the case of *Sinker, Davis & Co.* v. *Fletcher* (1878), 61 Ind. 276, 279, referring to the statute under consideration, this court said: ''But we can conceive of no case in which a complaint will be deemed amended in this court, which is so defective as that a demurrer filed to it for the want of a statement of sufficient facts to constitute a cause of action, should be sustained, where the question here arises upon the correctness of the ruling below on the demurrer.'' To the same effect are *Utica Tp.* v. *Miller,* (1878), 62 Ind. 230; *Friddle* v. *Crane* (1879), 68 Ind. 583; *Johnson* v. *Breedlove* (1880), 72 Ind. 368; *Abell* v. *Riddle* (1881), 75 Ind. 345.

In the latter case the court, by Woods, J., said: ''The exception having been saved to the ruling on the demurrer, the pleading cannot be aided by reference either to the evidence or to the verdict.'' The statute having this interpretation impressed upon it was reënacted in the revised code of 1881 (§700, *supra*). See *Cain* v. *Allen* (1907), 168 Ind. 8, and cases cited. The holdings have been uniform, since the last revision that if a demurrer to an insufficient pleading is overruled, the error is not cured by this section. *Pennsylvania Co.* v. *Poor* (1885), 103 Ind. 553; *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89; *Ryan* v. *Hurley* (1889), 119 Ind. 115; *Chapman* v. *Jones* (1898), 149 Ind. 434; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332.

The rulings on these demurrers were erroneous when made, and they must be held so by this court.

A new trial was sought on the grounds that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving and in refsuing to give numerous instructions.

It appears from the evidence that the testatrix had some apprehension about eating articles of food brought to her by her daughters, and said to others that her sons had told her not to eat anything brought by her daughters, for the reason that they were seeking to poison her. This statement was confirmed by Mrs. Henderson, who testified that Conrad Friedersdorf requested her not to allow his mother to eat anything furnished by the girls. The testatrix did, however, eat such articles in company with Mrs. Henderson and the girls, upon requiring them to eat first. This suspicion of the testatrix was treated, upon the trial, as an insane delusion, and it was upon the evidence just referred to, that the jury found she was laboring under an insane delusion which controlled her in making the will.

In determining a question of testamentary capacity, the law takes cognizance of such delusions only as point to actual unsoundness of mind, or, in short, insane delusions. An insane delusion is a spontaneous conception and acceptance of that as a fact which has no existence except in the imagination, and which is persistently believed in against all evidence and probability. *Rush* v. *Megee* (1871), 36 Ind. 69, 80; *Bundy* v. *McKnight* (1874), 48 Ind. 502, 512; *McReynolds* v. *Smith* (1909), 172 Ind. 336; *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 15 L. R. A. (N. S.) 673; *Middleditch* v. *Williams* (1889), 45 N. J. Eq. 726, 17 Atl. 826, 4 L. R. A. 738; Page, Wills, §§104-107; 1 Underhill, Wills, §91; note to *Appeal of Kimberly* (1896), 37 L. R. A. 261.

It is clear that the suspicion or belief of Mrs. Friedersdorf that her daughters designed to poison her was not a mere conception of her morbid fancy, or an insane delusion;

but, if the testimony is true, was a false belief founded upon the statements of men on whose word she might ordinarily rely. This erroneous belief, instilled into her mind as shown, would also yield to the contradiction of the persons accused, and others, upon eating the suspected food in her presence. If such accusation against the daughters was falsely made for the purpose of alienating the

4. affections of the mother and influencing the disposition of her property, and actually accomplished that result, the will should be annulled; but not on the ground that the testatrix was controlled by an insane delusion.

The jury found the testatrix to have been of unsound mind at the time of executing her will, and if this were shown to be her mental condition, independently of

5. the alleged insane delusion, the verdict might be upheld, notwithstanding the error pointed out. The court advised the jury in instruction thirty-one, as follows: "The court instructs the jury that if it believes from the evidence that at the time the will in controversy was executed the testatrix was laboring under an insane delusion that her daughters, or any one or more of them, had attempted, desired or intended to poison her, and that she was influenced and controlled in the making of said will by said delusion, then the testatrix was not of sound mind and memory as is contemplated and required by the law, and any paper purporting to be a will executed by her under such circumstances is not a valid and legal will, and the jury should find for plaintiffs."

The jury regarded the belief mentioned as an insane delusion, and found that the will of the testatrix was thereby controlled, and in view of this instruction its finding that the testatrix was of unsound mind may have rested chiefly or wholly upon the error in treating the false belief as an insane delusion. In lieu of the instruction before quoted, and others on the same subject, the court should have given ap-

pellants' requested instruction fifteen, to the effect that there was no evidence of any insane delusion in any manner affecting the execution of the will in suit, or have given no instructions and submitted no interrogatory relating to the subject of insane delusions.

The instructions were generally fair and accurate statements of the law relevant to the issues, but since the judgment must be reversed for the errors pointed out, and

6. another trial be had, it is deemed appropriate to consider appellants' criticisms of two other instructions given. In the sixth instruction the jury was charged that "a testator should possess sufficient mind and memory to know the exact extent and value of his property," etc. This departure from the accepted definition of testamentary capacity cannot be commended or approved. Many of our most capable business men could scarcely be expected to know at any given time the precise or exact extent and value of their property.

Instruction sixteen, given at the request of appellees, was as follows: "When a person receives the larger share of the property of a testatrix by her will, and the will is

7. made for the chief benefit of such person in whom the testator reposes confidence and trust at the time of the execution of the will, and she was accustomed to take the advice of said beneficiary, and such beneficiary causes the will to be prepared, and the will is unduly procured in his own favor by such beneficiary, then a presumption of law arises that the will was procured by the undue influence of such beneficiary, which presumption must be overcome by other evidence in the case that the execution of the will was the result of the free deliberation and judgment of the testator."

This purports to be an abstract statement of the law, and appears to have been taken from the opinion of the court in the case of *Leonard* v. *Burtle* (1907), 226 Ill. 422, 80 N. E.

992, 995. The instruction, if applicable to this case, impliedly assumes the existence of facts which were either in dispute or wholly unproved, and should not have been given in this form. If all the facts were established, upon the assumed existence of which this instruction is predicated, it is doubtless true that they might justify, and in any event would sustain, a finding by the jury that the execution of the will was procured by undue influence. The issue 8. of undue influence joined in this case, like other questions, must be determined from all the facts and circumstances given in evidence. The ultimate inference of undue influence, or its absence, was one of fact to be drawn by the jury and not to be declared by the court as a matter of law. The exercise of undue influence may be shown by circumstantial evidence, and the provisions of the will and the circumstances attending its execution may be sufficient to warrant a finding against its validity; but it is not correct to say that a mere showing of such circumstances, even in the absence of an explanation by the party implicated, creates a presumption of law that the will is invalid, and that the court might thereupon so instruct the jury. This question, like others in issue, must be left to the determination of the jury in the exercise of its sound judgment, after weighing all the facts and circumstances given in evidence.

The judgment is reversed, with directions to sustain appellants' motions for a new trial, and to sustain the demurrers of appellants Leota T. Friedersdorf and Lillie Friedersdorf to the complaint, and for further proceedings not inconsistent with this opinion.